36 F.3d 1095
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Lemuel LOTT, Defendant-Appellant.
 No. 94-5005.
 United States Court of Appeals, Fourth Circuit.
 Submitted Aug. 23, 1994.
Decided Sept. 29, 1994.
 
 Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro. William L. Osteen, Sr., District Judge. (CR-93-150)
 William E. Martin, Federal Public Defender, Gregory Davis, Assistant Federal Public Defender, Greensboro, North Carolina, for Appellant. Walter C. Holton, Jr., United States Attorney, Greensboro, North Carolina, for Appellee.
 M.D.N.C.
 AFFIRMED.
 Before HALL and WILKINS, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 
 OPINION
 PER CURIAM
 
 1
 Lemuel Lott[1] pled guilty to conspiracy to possess crack cocaine with intent to distribute, 21 U.S.C.A. Sec. 846 (West Supp.1994), and was sentenced to 210 months in prison and five years supervised release. Without objection from Lott, the district court also imposed a $5000 fine. On appeal, Lott contends that his sentence was improperly enhanced using information he had revealed during negotiations for a cooperation agreement which was never completed. He also claims that resentencing is required because the district court failed to make the necessary factual findings under 18 U.S.C.A. Sec. 3572(a) (West Supp.1994) before imposing his fine. We affirm.
 
 
 2
 On June 23, 1993, police executed a search warrant at an apartment at 1706-B Brighton Street in Greensboro, North Carolina, after a confidential informant bought an ounce of crack there. They discovered eight ounces of crack (approximately 226.8 grams) in the dishwasher and arrested Kevin Johnson and Tony Green. Lemuel Lott had just left the apartment; he was arrested a few blocks away. Before entering his guilty plea, Lott sent the government two proffers in the hope of gaining a substantial assistance departure under USSG Sec. 5K1.1.[2] In each proffer, Lott admitted his involvement with more than 500 grams of crack, and claimed the protection of Fed.R.Crim.P. 11(e)(6). Ultimately, however, Lott's plea agreement did not contain a cooperation agreement or promise a substantial assistance motion.
 
 
 3
 Two weeks after his guilty plea, Lott testified as a defense witness at the trial of co-defendant Kevin Johnson.[3] Contradicting prior evidence introduced by the government, Lott testified that Johnson was not involved in crack distribution with him, and that his crack came from a source in New York. Lott admitted receiving a fourteen-ounce package of crack and two eighteen-ounce packages of crack from his New York source.[4]
 
 
 4
 The probation officer used the fifty ounces (1417.5 grams) of crack Lott admitted in his trial testimony to calculate his base offense level at thirty-six (500 grams--1.5 kilograms of crack). USSG Sec. 2D1.1. Lott objected that only the 226.8 grams found during execution of the search warrant should be considered. His argument was based on the fact that he had provided information about additional amounts in his proffers during negotiations for a cooperation agreement which never came to pass; this information could not be used to increase his sentence. USSG Sec. 1B1.8, comment. (n.3) (if no cooperation agreement reached, use of incriminating information provided during negotiations restricted by Fed.R.Crim.P. 11(e)(6) and Fed.R.Evid. 410). He argued at sentencing that the government had been able to cross-examine him more effectively at Johnson's trial because of the information he provided in his two proffers, and contended that, for this reason, the crack amounts he testified about at trial were also protected. The district court disagreed.
 
 
 5
 On appeal, Lott points out that his trial testimony concerning crack amounts was consistent with his proffers, and argues that only if it were inconsistent should it be considered in sentencing. He provides no authority to support his position, nor are we aware of any. We find that the court was free to consider the information which Lott chose to give outside the protected confines of plea negotiations.
 
 
 6
 Lott next contends that resentencing is required because the district court failed to make adequate findings on the factors set out in 18 U.S.C.A. Sec. 3572(a) before imposing a fine. The presentence report stated that Lott had no significant assets or liabilities, was not married, and had one child (apparently born after his arrest) who lived with her mother in Greensboro. The probation officer recommended that Lott was unable to pay a fine within the guideline range of $20,000-$4 million, but could pay a lower fine while in prison and on supervised release. Lott made no objection to this recommendation. At sentencing, after resolving the disputed issues, hearing Lott's statement and inquiring about his family, the district court adopted the undisputed factfindings in the presentence report, found that Lott could not pay a fine within the guideline range, and imposed a fine of $5000. Lott did not object.
 
 
 7
 We find that the district court's compliance with the requirements of Sec. 3572(a) was adequate on the facts of this case. All the pertinent information was before the district court. Lott does not suggest that if he were resentenced the court should come to a different conclusion about his ability to pay the fine. We note that federal inmates can earn $1000 a year by working in prison and up to half of that may be used through the Inmate Financial Responsibility Program for the payment of fines and restitution. United States v. Williams, 996 F.2d 231, 234 (10th Cir.1993). Serving a seventeen-year sentence, Lott will have a reasonable opportunity to pay the $5000 fine imposed. Although the district court did not make specific findings on each of the factors to be considered under Sec. 3572(a), we do not believe a remand is required. See United States v. Taylor, 984 F.2d 618, 621-22 (4th Cir.1993) (remand unnecessary for specific statement that defendant could pay fine through inmate financial responsibility program).
 
 
 8
 We therefore affirm the sentence imposed. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 AFFIRMED
 
 
 [1]
 Lott gave his name as Lemuel Lott when arrested and was charged under that name. He later said his true name was Andrew Anthony Maylor, and he was addressed by that name thereafter in the district court
 
 
 [2]
 United States Sentencing Commission, Guidelines Manual (Nov.1993)
 
 
 [3]
 Lott denied any relationship with Johnson at the trial, but later informed the probation officer that Johnson is his brother
 
 
 [4]
 Lott's attorney objected that the government's questions were not material. The court overruled the objection, commenting, "He [Lott] has said I never saw him [Johnson] selling any cocaine, and I didn't get my cocaine from that place. So, I think that the Government has a right to question him on that, and say, well, let's see where you got it."